## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSHUA HABASEK-BONELLI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 22 CV 3668 |
| ) | |
| CITY OF CHICAGO, and CHICAGO POLICE OFFICER ) | |
| SIMONETTI, ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, JOSHUA HABASEK-BONELLI, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Complaint against the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER SIMONETTI, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on August 7, 2021.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, CITY OF CHICAGO was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendant CHICAGO POLICE OFFICER SIMONETTI (hereafter "SIMONETTI"). Defendant SIMONETTI was at all relevant times employed by Defendant CITY

1

OF CHICAGO as a duly appointed POLICE OFFICER acting within the course and scope of his employment and under color of law. Defendant SIMONETTI is being sued in his individual capacity with respect to the federal claims. The state claims against CITY OF CHICAGO are being advanced both on a *respondeat superior* basis, as that Defendant is the employer of Defendant, SIMONETTI, and pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On August 7, 2021, the Plaintiff was walking by himself near his home in Chicago, IL. The Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that the Plaintiff was violating any laws, rules, or ordinances.

7. Even though there was no lawful justification for doing so, at the above-referenced date and location, SIMONETTI, who at that time was driving a Chicago police squad car, pulled over near the Plaintiff.

8. SIMONETTI then summoned the Plaintiff. There was no lawful justification for SIMONETTI to do so. The Plaintiff complied.

9. SIMONETTI then detained the Plaintiff, and took the Plaintiff's personal property, including the Plaintiff's phone. There was no lawful justification for SIMONETTI to do so.

10. SIMONETTI then pulled out his taser, and repeatedly threatened to tase the Plaintiff. There was no lawful justification for SIMONETTI to do so.

11. At that point, without provocation or lawful justification, SIMONETTI tased the Plaintiff.

12. The Plaintiff fell to the ground and was knocked unconscious due to being tased by SIMONETTI. The Plaintiff was subsequently transported to a local hospital to be treated for the injuries he sustained during this interaction.

13. The above-referenced actions were undertaken by SIMONETTI without legal justification and without probable cause.

14. All of SIMONTETTI's above-referenced acts were intentional and/or willful and wanton and/or unreasonable.

## COUNT I - 42 U.S.C. §1983
### Excessive Force – Defendant Officer

15. The Plaintiff re-alleges Paragraphs 1 through 14, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 15.

16. As described above, SIMONETTI used excessive, unreasonable and unwarranted force against the Plaintiff.

17. The misconduct was undertaken by SIMONETTI under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

18. The acts of SIMONETTI were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

19. As a direct and proximate result of the acts of SIMONETTI, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOSHUA HABASEK-BONELLI, prays for judgment in his favor and against the Defendant, CHICAGO POLICE OFFICER SIMONETTI, awarding

3

compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
### Unlawful Detention – Defendant Officer

20. The Plaintiff re-alleges Paragraphs 1 through 19, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21. As described above, SIMONETTI unreasonably seized and/or unlawfully detained the Plaintiff's person.

22. The misconduct was undertaken by SIMONETTI under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

23. The acts of SIMONETTI were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

24. As a direct and proximate result of the acts of SIMONETTI, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOSHUA HABASEK-BONELLI, prays for judgment in his favor and against the Defendant, CHICAGO POLICE OFFICER SIMONETTI, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## COUNT III – Illinois State Law
### *Respondeat Superior* Battery – City of Chicago

25. The Plaintiff re-alleges Paragraphs 1 through 24, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 25.

26. As described above, Defendant, CITY OF CHICAGO, by and through its employee, SIMONETTI, who was acting in the course and scope of his employment, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff without legal justification and/or probable cause.

27. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employee, SIMONETTI, who was acting in the course and scope of his employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

28. The above-referenced misconduct was undertaken by SIMONETTI under color of law and under the course and scope of his employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendant, SIMONETTI, the CITY OF CHICAGO is liable to the Plaintiff for the Defendant's, SIMONETTI, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, JOSHUA HABASEK-BONELLI, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

**COUNT IV – Illinois State Law**
*Respondeat Superior* **False Detention/Arrest – City of Chicago**

29. The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30. As described above, Defendant, CITY OF CHICAGO, by and through its employee, SIMONETTI, who was acting in the course and scope of his employment, detained and/or arrested the Plaintiff, or caused the Plaintiff to be detained and/or arrested, without a warrant, without probable cause and without legal justification. Due to the detention and/or arrest, the Plaintiff had his liberty to move about restrained by the Chicago employee.

31. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, CITY OF CHICAGO, by and through its employee, SIMONETTI, who was acting in the course and scope of his employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

32. The above-referenced misconduct was undertaken by SIMONETTI under color of law and under the course and scope of his employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendant, SIMONETTI, CITY OF CHICAGO is liable to the Plaintiff for the Defendant's, SIMONETTI, actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, JOSHUA HABASEK-BONELLI, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

## Count V - Illinois State Law
## Indemnification - City of Chicago

33. The Plaintiff re-alleges Paragraphs 1 through 32, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 33.

34. At all relevant times the Defendant Officer was acting under color of law and under the course and scope of his employment.

35. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officer.

WHEREFORE, the Plaintiff, JOSHUA HABASEK-BONELLI, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the Defendant, CHICAGO POLICE OFFICER SIMONETTI, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com